NO. 07-06-0482-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 30, 2007



______________________________




MIRIAM JENNETTE GRANADOS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B16346-0515; HONORABLE ED SELF, JUDGE



_______________________________



Before CAMPBELL and HANCOCK and PIRTLE, JJ.

ABATEMENT AND REMAND


 Following an open plea of guilty, Appellant Miriam Jennette Granados was convicted
of driving while intoxicated. Electing to have the jury assess punishment, Appellant was
sentenced to 180 days confinement and a $2,000 fine. The clerk's record was filed on
January 22, 2007, and the reporter's record has yet to be filed. (1) 

 The trial court's Certification of Defendant's Right of Appeal contained in the clerk's
record reflects "the defendant waived the right of appeal." After a careful examination of
the clerk's record, this Court determined there is no written waiver by Appellant of the right
of appeal. An inquiry by the appellate court clerk to the trial court clerk confirmed that no
written waiver exists. We now abate the appeal and remand the cause for an amended
certification.

 Upon remand, the trial court shall execute an amended certification correctly
reflecting whether Appellant has the right of appeal. See generally Dears v. State, 154
S.W.3d 610, 614 (Tex.Crim.App. 2005) (concluding that an appellate court has the ability
to examine a certification for defectiveness and obtain another when appropriate). The
amended certification is to be included in a supplemental clerk's record to be filed with the
clerk of this Court on or before March 2, 2007.

 It is so ordered.

 Per Curiam

Do not publish. 
1. The due date for the reporter's record is suspended by this abatement. The
reporter's record will be due thirty days after reinstatement.



f of appellant on July 20, 2007. Between that date and October
5, 2007, trial counsel filed a number of pre-trial motions on behalf of appellant, including
a motion to recuse the trial judge. Ultimately, after a two day hearing, the motion to recuse
was denied and the matter was set for trial to begin on October 9, 2007. During a pre-trial
hearing on October 5, 2007, appellant, for the first time, requested that the trial court
relieve his appointed attorney. During a colloquy with the court regarding the dismissal of
trial counsel, appellant stated that he had no legal training, though he had studied law a
little while in prison. Ultimately, appellant stated to the trial court that he could not
represent himself and the issue of dismissing appellant’s trial counsel was resolved. 
          On October the 9th, immediately before jury selection was scheduled to begin,
appellant again asked to dismiss his trial counsel, however, this time appellant opined that
he could represent himself. During the colloquy that followed, the trial court inquired about
the extent of appellant’s formal education. Appellant replied that he went to the 11th grade
in school but had completed his GED while in prison. Further, appellant stated that he
studied at Lee College while in prison and was a certified HVAC technician. Appellant then
professed that he knew he was not a paralegal but that he felt he could represent himself
better on this case because he knew what happened. The trial court continued the inquiry
by asking appellant if he knew anything about jury voir dire. Appellant responded that he
would talk to the jury about where they worked, if they were prejudiced, and if they had
ever served on a jury. The trial court then advised appellant that there were a number of
procedures that would come into play during the trial, such as opening statements, cross-examination of witnesses, and the rules of evidence. The trial court advised appellant that
these procedural and evidentiary matters take years to master and that he would be at a
severe disadvantage. During this admonition, the trial court advised that he had seen a
number of defendants try to represent themselves and, in every case, self-representation
turned out to be a disaster for the defendant. Yet, appellant continued to insist on the right
to represent himself. Finally, the trial court continued to point out the danger of self-representation and the fact that appellant would have to be held to the same standard that
a licensed attorney was held to. The trial court stated that the court could not assist
appellant and that he would have to make his own objections and decisions. Appellant still
insisted on representing himself. Toward the conclusion of the hearing on appellant’s right
to self-representation, appellant appeared to ask to have his appointed lawyer start the
case and, if appellant did not like the job the appointed lawyer was doing, appellant could
take over the representation. The trial court advised appellant that the court could not
permit a hybrid representation. The appellant then stated he was going to represent
himself. 
          The trial court advised he would permit appointed counsel to sit at counsel table as
standby attorney, however, he would not be allowed to participate as long as appellant
insisted on representing himself. The jury panel was brought in and voir dire was
conducted with appellant conducting his own voir dire. Opening statements were made
with appellant again representing himself during this portion of the trial. After the State’s
first witness completed direct examination, appellant attempted to cross-examine the
witness, but drew numerous objections from the State. At this time, appellant requested
the trial court to allow standby counsel to take over the representation. The trial court
permitted standby counsel to assume the representation, but admonished appellant that
there was to be no further switching back to self-representation. 
          The jury subsequently convicted appellant and found that both enhancement
paragraphs were true. The jury returned a punishment verdict of confinement for 25 years
and the trial court subsequently entered a judgment in conformity with the verdict.
          Appellant appeals the trial court’s judgment by contending that he did not effectively
waive his constitutional right to counsel and that the trial court’s refusal to allow both he
and his counsel to be heard denied him his right to assistance of counsel. We disagree.
Waiver of Counsel
          By his first issue, appellant contends that the trial court erred in allowing appellant
to begin the case representing himself. The essence of appellant’s argument is that the
trial court did not properly admonish appellant about the dangers of self-representation
and, therefore, appellant did not effectively waive his right to counsel. 
          Initially, we observe that a criminal defendant has a constitutional right to represent
himself at trial. See Faretta v. California, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d
562 (1975). However, before allowing a criminal defendant to represent himself, the trial
court must take certain steps to ensure that the defendant’s decision is made 1)
competently, 2) knowingly and intelligently, and 3) voluntarily. Id. The law does not require
that the defendant have the skill or experience of an attorney, however, the defendant must
be made aware of the dangers and disadvantages of self-representation in order to
competently and intelligently make the choice. Id. Texas adheres to the same type of
analysis in determining whether a criminal defendant has properly waived his right to
counsel. See Tex. Crim. Proc. Code Ann. art. 1.051(g) (Vernon 2005); Collier v. State,
959 S.W.2d 621, 626 (Tex.Crim.App. 1997). Additionally, the record should demonstrate
that the defendant was not coerced for there to have been a voluntary waiver of the right
to an attorney. Collier, 959 S.W.2d at 626. 
          There is no courtroom script or formula for the trial judge to recite when a criminal
defendant requests to represent himself. See Blankenship v. State, 673 S.W.2d 578, 583
(Tex.Crim.App. 1984). The trial judge cannot sit idly by when a criminal defendant
requests to represent himself, rather, the trial judge must actively participate in assessing
the defendant’s waiver of counsel. Id. We must review the entire record and the totality
of the circumstances to ascertain if the criminal defendant’s waiver of his right to counsel
was properly made. Id.
          In the case before this Court, the trial judge initially inquired about appellant’s
education. Appellant advised that although he only went to the 11th grade in school, he
had completed his GED. Further, appellant advised he had obtained further technical
education while in prison. The trial court went to great lengths to admonish appellant about
the dangers of self-representation. In fact, the record affirmatively reflects that the trial
court attempted to talk appellant out of the decision to represent himself. Under such a
scenario, we cannot say that appellant did not effectively waive his right to counsel. 
Faretta, 422 U.S. at 835; Collier, 959 S.W.2d at 626. Accordingly, appellant’s first issue
is overruled.
Denial of Counsel
          Appellant’s second issue seems to contend that the trial court erred by not allowing
both appointed counsel and appellant to conduct the initial voir dire, opening statement,
and cross-examination of the first witness. To support this proposition, appellant cites the
Court to the Texas Constitution and the Texas Code of Criminal Procedure. See Tex.
Const. art. 1, § 10; Tex. Crim. Proc. Code Ann. art. 1.05 (Vernon 2005). However,
appellant’s analysis of the constitutional and statutory provisions ignores a long standing
holding by the Texas Court of Criminal Appeals that an appellant has no right to hybrid
representation. See Landers v. State, 550 S.W.2d 272, 280 (Tex.Crim.App. 1977). The
right to be “heard by himself, or counsel, or both” that appellant contends means he could
have a form of hybrid representation has been construed by the Texas Court of Criminal
Appeals to mean the right to present his side of the story, but not to hybrid representation. 
Id. at 278. Appellant has not furnished this Court with any authority to allow the type of
hybrid representation discussed in his second issue and we have found none. Accordingly,
appellant’s second issue is overruled. 
Conclusion
          Having overruled appellant’s issues, we affirm the judgment of the trial court.
 
Mackey K. Hancock

Justice



Do not publish.